**LEVITT & SLAFKES, P.C.**
**515 Valley Street**
**Suite 140**
**Maplewood, New Jersey 07040**
**T: (973) 313-1200**
**F: (973) 313-1240**
**E: blevitt@lsbankruptcylaw.com**
**By:  Bruce H. Levitt, Esq. (BL9302)**
**Attorneys for Yoerys Fraga and Henry Fraga**

_____

|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re: | Case No.: 18-31149-KCF |
| KURT N. KVIST, | Chapter: 13 |
| Debtor. | Hearing Date: March 27, 2019 |
|  | Judge: Kathryn C. Ferguson |

**OBJECTION OF YOERYS FRAGA AND HENRY FRAGA**
**TO DEBTOR'S CHAPTER 13 PLAN**

Creditors, Yoerys Fraga and Henry Fraga, by and through their counsel, Levitt & Slafkes, P.C., hereby objects to confirmation of the proposed Chapter 13 Plan (Docket No. 14) filed on November 7, 2018 by the debtor, Kurt N. Kvist (the "Debtor") for the following reasons:

**BACKGROUND**

**Pre-Petition Procedural History**

1.  Yoerys Fraga and Henry Fraga (the "Fragas") are the owners of a residential property located at 2 Wesley Street, Riverdale, New Jersey 07457.

2. Upon information and belief, the Debtor is the principal and registered agent of Serious Cabinetry, Inc. ("Serious"), a New Jersey corporation with its principal place of business located at 77 West Street, Colonia, New Jersey 07067.

3. On or about September 16, 2016, the Fragas hired the Debtor and Serious to design, order and install custom cabinets for their home (the "Cabinet Project").

4. During the course of the Cabinet Project, the Fragas paid the Debtor and Serious a total of $75,203.00.

5. The Debtor represented to the Fragas that the $75,203.00 was to be used specifically for the purchase of the custom cabinets.

6. The Debtor and Serious failed to provide the Fragas with the custom cabinets or a refund of the $75,203.00.

7. On or about June 6, 2017, the Fragas filed a civil complaint with the Riverdale Police Department based upon the fraud perpetrated by the Debtor and Serious.

8. On or about June 15, 2017, the Fragas filed a civil lawsuit against the Debtor in the Superior Court of New Jersey, Morris County, Law Division, Docket No.: MRS-L-00136-17 (the "State Court Action"). The complaint alleged fraud, violations of the New Jersey Consumer Fraud Act, unjust enrichment and breach of contract.

9. On December 21, 2017, a final judgment by default (the "Final Judgment") was entered against the Debtor in the State Court Action.

**Instant Chapter 13 Bankruptcy Proceeding**

10. On October 24, 2018, the Debtor filed a voluntary petition for relief (the "Petition") under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of New Jersey, under Case No.: 18-31149-KCF.

11. Amended Schedule A/B of the Petition lists two real properties: (a) 77 West Street, Colonia, New Jersey 07067 (the "Colonia Property"), with a purported fair market value of $350,000.00; and (b) 19 Grove Avenue, South Amboy, New Jersey 08879 (the "Amboy Property"), with a purported fair market value of $200,000.00.

12. However, the Colonia Property has an estimated value of $489,845.00, see https://www.zillow.com/homes/for_sale/77-west-street-colonia-nj_rb/ (last accessed on March 18, 2019), while the Amboy Property has an estimated value of $291,322.00. See https://www.zillow.com/homes/19-grove-avenue-south-amboy-nj_rb/ (last accessed on March 18, 2019).

13. The Fragas therefore dispute the Debtor's scheduled valuations as to the Colonia Property and the Amboy Property.

14. Moreover, it appears that there is sufficient equity in either or both of those properties such that the Debtor's Plan

3

provides for payment on unsecured claims of less than that which would be distributed upon liquidated under Chapter 7 of the United States Bankruptcy Code.

15. Amended Schedule E/F of the Petition lists Henry Fraga as a non-priority unsecured creditor with a claim in the amount of $72,203.00.

16. On November 7, 2018, the Debtor filed his Chapter 13 Plan (the "Plan"), which provides that the Debtor seeks to avoid the Fragas' judgment lien pursuant to 11 U.S.C. § 522(f). However, there is no basis for such avoidance as to either or both the Colonia Property and the Amboy Property, as there is equity in each to which the Fragas' lien attaches.

17. The Fragas timely filed a proof of claim in the estimated amount of $216,609.00, which includes treble damages under the New Jersey Consumer Fraud Act, with $2,850.00 entitled to priority under 11 U.S.C. § 507(a).

18. On December 31, 2018, secured creditor, Fay Servicing, LLC, as servicer for Citibank, N.A., as trustee for CMLTI Asset Trust ("Fay Servicing"), filed its Objection to Confirmation of Plan (the "Fay Objection").

19. On January 2, 2019, judgment creditor Janis Lee Doran, through counsel, filed an Objection to Confirmation of the Debtor's Chapter 13 Plan (the "Doran Objection").

4

20. On February 1, 2019, the Fragas, through counsel, filed an adversary complaint against the Debtor, Adv. Proc. No.: 19-01051 (the "Adversary Proceeding").

21. The Adversary Complaint seeks non-dischargeability of the Debtor's debt to the Fragas pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) based upon the Debtor's false pretenses, false representations, violations of the New Jersey Consumer Fraud Act, larceny and embezzlement.

22. On February 21, 2019, Albert Russo, Standing Chapter 13 Trustee (the "Trustee"), filed his Objection to Debtor(s) Chapter 13 Plan (the "Trustee's Objection").

23. On March 4, 2019, the Debtor filed Certificate of Service (Docket No. 45) and a Notice of Chapter 13 Plan Transmittal (Docket No. 45-1). That notice indicates that the Debtor has valued the Colonia Property at $150,000.00, and the Amboy Property at $90,000.00. These amounts differ from the valuations that were set forth in Amended Schedule A/B of the Petition.

24. On March 15, 2019, the Fragas, through counsel, filed a Request for Entry of Default due to the Debtor's failure to plead or otherwise defend in the Adversary Proceeding. The Fragas, through counsel, are in the process of moving for entry of default judgment in the Adversary Proceeding.

25. The Fragas join the Fay Objection, the Doran Objection and the Trustee's Objection generally, and assert their own objections as set forth herein.

**RELIEF REQUESTED**

26. The Fragas respectfully request that this Court deny confirmation of the Debtor's proposed Chapter 13 Plan for the following reasons.

27. First, the Debtor's Plan provides for payment on unsecured claims of less than that which would be distributed upon liquidation under Chapter 7 of the United States Bankruptcy Code, which is explicitly prohibited by 11 U.S.C. § 1325(a)(4). For this reason alone, the Debtor's Plan is unconfirmable.

28. Second, the Debtor has defaulted in the Adversary Proceeding and the Fragas, through counsel, are in the process of moving for the entry of default judgment. As set forth in greater detail in the adversary complaint, the Debtor's debt to the Fragas is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) based upon the Debtor's false pretenses, false representations, violations of the New Jersey Consumer Fraud Act, larceny and embezzlement.

29. Lastly, as noted above, the Debtor's Schedule A/B undervalues the Colonia Property and the Amboy Property. There is non-exempt equity in either or both of those properties to which the Fragas' lien attaches and therefore lien avoidance is improper.

6

## **CONCLUSION**

30. WHEREFORE, the Fragas respectfully request that this Court enter an Order denying confirmation of the Debtor's Plan pursuant to 11 U.S.C. § 1325(a), and granting any such further relief as this Court deems just and equitable.

                Respectfully submitted,

                **LEVITT & SLAFKES, P.C.**
                **Attorneys for Yoerys Fraga and Henry Fraga**

By:   /s/ Bruce H. Levitt
       Bruce H. Levitt

Dated: March 20, 2019